COMPOSITE EXHIBIT "A"
Case 1:23-cv-03491-ELR Document 81 Filed 08/23/24 Page 1 of 6
Case 1:23-cv-03491-ELR Document 58 Filed 06/24/24 Page 1 of 14

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIRECT GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER EVANS and POLINA DENISSOVA, individually and as co-Administrators of the ESTATE OF ANDREW EVANS, ROGER HARTSFIELD and D. MAX HIRSH, as administrator of the ESTATE OF SHANNON HARTSFIELD, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION FILE NO. 1:23-cv-03491-ELR |

**DEFENDANT D. MAX HIRSH'S
DISCLOSURE OF EXPERT TESTIMONY
THAT MAY BE PRESENTED AT TRIAL**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), the Court's November 3, 2023 Scheduling Order (doc 35), the Court's February 16, 2024 Order Granting Joint Motion for Extension of Expert Discovery Period (doc 55) and Minute Order of April 30, 2024, Defendant D. Max Hirsh, as administrator of the Estate of Shannon Hartsfield, discloses that he may at trial present opinion testimony from the following:

- Dax E. López, Esq.; and

- Louis G. Fey, Jr.

The undersigned further certifies that on this date he has served on all parties all required reports and disclosures.

Respectfully submitted on June 24, 2024.

>/s/ Richard E. Dolder
> James (Jay) Sadd
> Georgia Bar No. 622010
> Richard E. Dolder, Jr.
> Georgia Bar No. 220237
> **SLAPPEY & SADD, LLC**
> 352 Sandy Springs Circle
> Atlanta, Georgia 30328
> (404) 255-6677 (telephone)
> jay@lawyersatlanta.com
> rich@lawyersatlanta.com
> *Attorneys for Mr. Hirsh*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Defendant D. Max Hirsh's Disclosure of Expert Testimony That May Be Presented at Trial** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties. I further certify that I caused a copy of the foregoing to be served via U.S. mail on the following *pro-se* party:

>Roger Hartsfield
>29 Duncan Drive SW
>Cartersville, GA 30120

I further certify that the foregoing was prepared in Times New Roman 14pt font and otherwise complies with Local Rule 5.1.

Respectfully submitted June 24, 2024.

>*/s/ Richard E. Dolder, Jr.*
>Richard E. Dolder, Jr.
>Georgia Bar No. 220237
>**SLAPPEY & SADD, LLC**
>352 Sandy Springs Circle
>Atlanta, Georgia 30328
>(404) 255-6677 (telephone)
>rich@lawyersatlanta.com
>*Attorney for Mr. Hirsh*

3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIRECT GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER EVANS and POLINA DENISSOVA, individually and as co-administrators of the ESTATE OF ANDREW EVANS, ROGER HARTSFIELD and D. MAX HIRSH, as administrator of the ESTATE OF SHANNON HARTSFIELD, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION <br> FILE NO. 1:23-cv-03491-ELR |

## WRITTEN REPORT OF DAX LOPEZ, ESQ., PREPARED PURSUANT TO RULE 26(a)(2)(B)

### I. STATEMENT OF OPINIONS

I have been asked to opine on the usual and customary practice of attorneys who represent people (or their families) injured by insured tortfeasors. The actions on which I opine begin with a car accident on July 27, 2018. The accident involved Shannon Hartsfield who drove a car in which Nancy Evans, Andrew Evans and Richie Willis were passengers. All four were killed as a proximate result of the accident. The other vehicle was driven by Shannon Justus and had two passengers, William Justus and Drake Justus. The three Justuses reported injuries.

Shannon Hartsfield was clearly at fault for the accident, as she appears to have run a stop sign. She had automobile insurance with Direct General Insurance Company with liability limits of $25,000 per person and $50,000 per accident.

Shannon Justus arguably bore a very small amount of fault for the accident, as she arguably could have kept a better look out. She had automobile insurance with Country Financial with liability limits of $100,000 per person and $300,000 per accident.

This scenario presents a case of multiple claimants and insufficient limits. Such situations are regrettably common and well known to those who represent people with claims against insured tortfeasors. When representing a claimant in this situation, a reasonable and prudent attorney acting consistent with the usual and customary practice of our profession would customarily consider the following:

    A.    Attorneys have a duty to represent their clients zealously and within the bounds of the rules of our adversary system. Attorneys must be competent and diligent in their representation. (See Georgia Rules of Professional Conduct, Preamble, Rule 1.1 and Rule 1.3)

    B.    The Georgia Court of Appeals has ruled that insurance companies may, in good faith and without notification to others, settle part of multiple claims against its insured even though such settlements deplete or exhaust the policy limits so that remaining claimants have no recourse against [the] insurer. *Allstate Ins. Co. v. Evans*, 200 Ga. App. 713, 714, 409 S.E.2d 273, 274 (1991).[1]

    C.    Georgia has codified the manner in which attorneys make demands on behalf of injured claimants in the scenario presented here. O.C.G.A. § 9-11-67.1.

    D.    The Supreme court of Georgia has ruled as follows: "An insurance company may be liable for damages to its insured for failing to settle the claim of an injured person where the insurer is guilty of negligence, fraud, or bad faith in failing to compromise the claim." *S. Gen. Ins. Co. v. Holt*, 262 Ga. 267, 268, 416 S.E.2d 274, 276 (1992). Whether an insurer breached its duty to settle, one must determine

---

[1] I do not offer opinions on the law or intend to instruct the Court or the jury as to what the law is. However, some of my opinions are based, in part, on how the law influences customary practice of an attorney under like and similar circumstances.

"whether the insurer had an opportunity to make an effective compromise." *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683, 685, 580 S.E.2d 519, 521 (2003).

Based on these considerations and my review of the information provided regarding the facts and circumstances of this case, I have developed the following opinions:

1. A zealous, competent and diligent attorney would usually and customarily recognize this case as one where injured claimants (or attorneys representing them) may need to "race for the limits."

2. A zealous, competent and diligent attorney would recognize that Direct General could and very well might exhaust its limits paying other claimants.

3. A zealous, competent and diligent attorney would recognize that in order to make a settlement offer, the better practice would be to comply with O.C.G.A. § 9-11-67.1 as soon as reasonably possible.

4. The August 9, 2018, demand signed by Rory Chumley complied with O.C.G.A. § 9-11-67.1 and was reasonable in all respects.

5. The August 9, 2018, letter does not bear the hallmarks of what Direct General alleges to be a "set up." The letter is an objective opportunity to settle. Further, the time-limited demand to Country Financial demonstrates how counsel for Mr. Evans actually did conduct himself when the insurer treated the time-limited demand as set forth in O.C.G.A. § 9-11-67.1.

6. A zealous, competent and diligent attorney would recognize the September 6, 2018, letter offering to conduct a Global Settlement Conference in an effort to allocate the policy limits of $50,000 "between all the claimants based upon their relative injuries and damages" to be a counteroffer and rejection of the August 9, 2018, offer.

3

7. Such an attorney would further recognize that Direct General faced potential liability in excess of its policy limits, making acceptance of the policy limits (or less at a Global Settlement Conference) impossible without consultation with the client concerning the possibility of a recovery in excess of policy limits.

8. The attorneys representing Andrew Evans's parents behaved reasonably and consistent with the usual and customary practice in our profession by filing suit and bringing and exploring an estate claim.

## II. DATA CONSIDERED BY THE WITNESS

See Exhibit A.

## III. EXHIBITS USED TO SUMMARIZE OR SUPPORT OPINIONS

None, other than documents I might be shown and questioned about.

## IV. QUALIFICATIONS AND PUBLICATIONS

### A. Qualifications

See resume attached as Exhibit B.

### B. Publications Authored in Previous 10 Years

None.

## V. CASES IN WHICH WITNESS HAS TESTIFIED

None in the previous four years.

## VII. COMPENSATION

My compensation is $600 an hour.

_____
Dax Lopez, Esq.
Date: 6/24/24

## **Documents Reviewed**

1. Attorney-Client Agreement between D. Max Hirsh, as Administrator of the Estate of Shannon Marie Hartsfield, and Slappey & Sadd, LLC;

2. Docket Report for *Direct General Insurance Company v. Christopher Evans, et al.* as of May 3, 2024;

3. Doc 1 – Complaint for Declaratory Judgment ;

4. Doc 1-1 – Ex. 1 to Complaint – Direct General Auto Policy;

5. Doc 1-2 – Ex. 2 to Complaint – 9.5.2018 Letter from Counsel for Direct General;

6. Doc 1-3 – Ex. 3 to Complaint– Verdict ;

7. Doc 1-4 – Ex. 4 to Complaint– Judgment ;

8. Doc 24 – Mr. Hirsh's Answer to Complaint for Declaratory Judgment & Counterclaims for Jury Trial;

9. Doc 24-1 – Ex. A to Mr. Hirsh's Answer to Complaint– 8.9.18 Demand regarding Andrew Evans;

10. Doc 31 – Mr. Hirsh's Initial Disclosures;

11. Doc 31-1 – Ex. A to Mr. Hirsh's Initial Disclosures– List of Witnesses;

12. Doc 34 – Joint Preliminary Report and Discovery Plan;

13. Doc 35 – Scheduling Order;

14. Doc 36 – Direct General's Answer to Mr. Hirsh's Counterclaims;

**EXHIBIT A**

15. Doc 41 – Direct General's Initial Disclosures;

16. Doc 45 – Direct General's Supplemental Initial Disclosures;

17. Doc 45-1 – Attachments A-D to Direct General's Supplemental Initial Disclosures;

18. Doc 53 – Order Granting Motion for Enlargement of Discovery Deadline;

19. Doc 55 – Order Granting Joint Motion for Extension of Expert Discovery Period and Deadline to File Dispositive Motions;

20. Transcript of the Deposition of Polina Denissova and all exhibits;

21. Transcript of the Deposition of Christopher Evans and all exhibits;

22. Transcript of the Deposition of Matthew Hagen and all exhibits;

23. Transcript of the Deposition of Roger Hartsfield and all exhibits;

24. Transcript of the Deposition of D. Max Hirsh's Deposition Transcript and all exhibits;

25. Transcript of the Deposition of William Parker and all exhibits;

26. Transcript of the Deposition of Michael St. Amand's Deposition and all exhibits;

27. Transcript of the Deposition of Ellen Greer and all exhibits;

28. Transcript of the Deposition of Jenna Matoy's Deposition and all exhibits;

29. Christopher Evans' document production Bates numbered CE000001-0000191 (Allstate Claim); CE0000192-0000417 (Country Financial Claim); CE0000419-0001839 (Direct General Claim); CE0001840-0001853 (Geico Claim); CE0001854-0001858 (Open Records Request – GA State Patrol); and CE0002652-0003344 (Underlying Action); and

30. Transcript of the Deposition of Andrew Quackenbush and all exhibits.

# DAX E. LÓPEZ

(770) 481-0444                                                                                           dax@dglattorneys.com

## WORK EXPERIENCE

**DELCAMPO, GRAYSON & LOPEZ, LLC,** Partner**,** September 2021- present.  Handle complex wrongful death and catastrophic injury matters in the areas of premises liability, product liability, trucking, motor vehicle collisions, and medical malpractice.

**MILES MEDIATION**, Mediator, April 2022- present.

**JUDGE, STATE COURT OF DEKALB COUNTY GEORGIA,** September 2010- September 2021. Preside over approximately 1800 criminal misdemeanor matters per year ranging from DUIs to Domestic Violence Battery, and approximately 1000 civil cases including medical malpractice, product liability, business disputes, torts, personal injury, etc.  Preside over the only Spanish speaking DUI Court (accountability court) in the State of Georgia.

**FOLTZ MARTIN LLC**, July 2008- September 2010, Atlanta, GA.
Member of firm's litigation practice group managing all aspects of business disputes and employment law matters in both state and federal courts.

**ASHE, RAFUSE & HILL LLP**, July 2005- June 2008, Atlanta, GA.
Member of the firm's litigation practice group focusing primarily on the areas of product liability (*e.g.,* defective footwear litigation), employment law (Title VII, ADEA, covenants not to compete), and commercial litigation (all types of business disputes).

**HOLLAND & KNIGHT LLP**, Dec. 2002-July 2005, Atlanta, GA.
Practiced in the areas of product liability, commercial litigation, employment law, and government representation.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**, Law Clerk for the Hon. Hector M. Laffitte, Chief Judge, Aug. 2001-Oct. 2002.

## EDUCATION

**VANDERBILT UNIVERSITY LAW SCHOOL,** J.D., *Cum Laude*, May, 2001.
Vanderbilt Journal of Transnational Law, Student Authorities Editor; Traveling Moot Court Team, member; Best Oralist Award, 1999; Vanderbilt Bar Association, President; Phi Delta Phi, International Legal Fraternity, member; and Phillip G. Davidson Memorial Award, 2001.

Authored, *Not Twice For The Same: How the Dual Sovereignty Doctrine is Used to Circumvent Non Bis In Idem*, 33 Vand. J. Trans. Law 1263 (2000).

**VANDERBILT UNIVERSITY**, B.S., Political Science, *Cum Laude*, May, 1998.

**EXHIBIT B**

## ORGANIZATIONS

**GEORGIA TRIAL LAWYERS ASSOCIATION.** Executive Committee Member and Committee Chair, 2022-present.

**LEADERSHIP GEORGIA,** Class of 2017; Program Chair, 2018; Board of Trustees, 2018-22.

**THE GEORGIA COMMITTEE ON INTERPRETERS,** 2015 to the present.

**DEKALB VOLUNTEER LAWYERS ASSOCIATION,** Board, 2019-present

**JUDICIAL SECTION OF THE STATE BAR OF GEORGIA,** Chair, 2017-18.

**GEORGIA STATE BAR BOARD OF GOVERNORS,** 2015-present

**GEORGIA HISPANIC BAR ASSOCIATION,** President, 2006-2008; Current member of the Board of Directors.

**COOPER INN OF COURT,** President 2017-18; Executive Committee Member.

**FELLOW OF THE AMERICAN BAR FOUNDATION.**

**HISPANIC NATIONAL BAR ASSOCIATION,** Moot Court Planning Committee Chair, 2013.

**VANDERBILT UNIVERSITY LAW SCHOOL NATIONAL COUNCIL**, 2005-2007.

**EXECUTIVE COMMITTEE OF THE JUDICIAL SECTIONS OF THE STATE BAR, THE ATLANTA BAR ASSOCIATION, and THE DEKALB BAR,** 2014.

## RECOGNITIONS

**GEORGIA LEGAL ELITE,** *Georgia Trend Magazine*, 2009.

**RISING STAR,** *SuperLawyer Magazine*, 2009 & 2010.

**DISTINGUISHED PUBLIC OFFICIAL OF 2010,** *Mundo Hispanico.*

**PROFILED AS A LEGAL RISING STAR,** *Fulton Daily Report*, 2011.

**NAMED TO BE AMONG THE BEST AND BRIGHTEST 40 UNDER 40**, *Georgia Trend Magazine*, 2011.

**MBLC'S SETH KIRSCHENBAUM DIVERSITY AWARD**, 2012.

**LATINO AMERICAN WHO'S WHO,** 2012.

**CAMINAR LATINO JOURNEY AWARD**, 2013.

**JUSTICE BENHAM COMMUNITY SERVICE AWARD**, 2016.

**LATIN AMERICAN ASSOCIATION'S OLGA C. DE GOIZUETA PACESETTER AWARD**, 2016.

**MAN OF THE YEAR 2017,** *Women Works Media Group.*

**50 MOST INFLUENTIAL LATINOS IN GEORGIA**, Georgia Hispanic Chamber of Commerce, 2018, 2019.

**PIONEER AWARD**, DeKalb Bar Association, 2020.

**INDUCTED INTO THE GEORGIA HISPANIC CHAMBER OF COMMERCE'S HALL OF FAME,** 2020.

**TRAILBLAZER AWARD,** Georgia Latino Law Foundation**,** 2021.

**TRAILBLAZER AWARD,** Georgia State Bar Diversity Program**,** 2023.