EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIRECT GENERAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) CHRISTOPHER EVANS and POLINA ) DENISSOVA, individually and as co- ) Administrators of the ESTATE OF ) ANDREW EVANS, ROGER ) HARTSFIELD and D. MAX HIRSH, as ) administrator of the ESTATE OF ) SHANNON HARTSFIELD, ) ) Defendants. ) ) | CIVIL ACTION FILE NO. 1:23-cv-03491-ELR |

## DEFENDANT D. MAX HIRSH'S RESPONSE TO PLAINTIFF'S EXPERT WITNESS INTERROGATORIES

Defendant D. Max Hirsh ("Mr. Hirsh") responds to Plaintiff Direct General Insurance Company's ("DGIC") Expert Witness Interrogatories as follows:

### EXPERT INTERROGATORIES

### EXPERT INTERROGATORY NO. 1

Please identify each person answering or providing information used to answer these interrogatories by name, business address, and position or job title with the Defendant, in applicable.

**ANSWER**:  Mr. Hirsh and his undersigned attorney, Richard E. Dolder, who provided information only within the scope of his representation of Mr. Hirsh in this matter.

**EXPERT INTERROGATORY NO. 2**

Please identify each Expert that the Defendant has retained who will give opinions at trial. With regard to each Expert, state their full name, business address, and profession; the field of expertise; and the subject matter on which the expert is expected to testify.

**ANSWER**:  Dax Lopez, Esq.; 5455 Chamblee Dunwoody Road; Dunwoody, GA 30338.  Soon to be 1555 Mt. Vernon Road; Dunwoody, GA 30338.  Mr. Lopez's profession is attorney.  His field of expertise with respect to this action is that of an attorney representing persons injured by insured tortfeasors.  The subject matter on which Mr. Lopez is expected to testify is the customary practice of such attorneys under the facts and circumstances of this case.

Louis G. Fey, Jr., CPCU, CIC, CRM, AIC; 2136 N. Woodchase Court; Baton Rouge, Louisiana 70808.  Mr. Fey's profession is as an insurance broker, adjuster, consultant and other such positions in the insurance industry.  His field of expertise in this action is claims handling by insurance companies.  The subject matter on which Mr. Fey is expected to testify is DGIC's claims handling under the facts and circumstances of this case and DGIC's failure to settle the wrongful death claim of Andrew Evans.

## EXPERT INTERROGATORY NO. 3

For each retained Expert listed in #1, please state each and every opinion which the expert is expected to render, including but not limited to, the scope of the alleged damages. If the expert rendered a report containing all of their opinions, production of the report is a sufficient response to this interrogatory. If there is no such report, please state any and all opinions.

**ANSWER**: Both experts have rendered a report.

## EXPERT INTERROGATORY NO. 4

For each retained Expert, please give the amount of compensation each has been paid for this case to date, including but not limited to the amount of any retainer provided to such person(s), as well as a fee schedule for future charges including appearance for trial, video deposition for use at trial, and discovery deposition.

**ANSWER**: Mr. Lopez's hourly rate is $600. As of the date of this interrogatory, Mr. Lopez has presented an invoice in the amount $6,600, which is in the process of being paid. Mr. Lopez did not require a retainer. No fee schedule for future charges exists, but Mr. Hirsh anticipates Mr. Lopez will charge his hourly rate for appearance at trial, video deposition for use at trial and any discovery deposition, should such events occur.

Mr. Fey's hourly rate is $500. Mr. Fey was paid a retainer of $5,000. Mr. Fey has presented an invoice in the gross amount of $22,500 with a net amount of $17,500 dues. That invoice is in the process of being paid. No fee schedule for future charges exists, but Mr. Hirsh anticipates Mr. Fey will charge his hourly rate for appearance at trial, video deposition for use at trial and any discovery deposition, should such events occur.

## EXPERT INTERROGATORY NO. 5

Please identify the number of cases in the last five (5) years in which the Defendant and/or Defendant's attorneys, has retained and/or employed each of the Experts listed in #1. Please provide the names of the cases in which prior testimony was given and the dates.

**ANSWER:** Mr. Hirsh objects to this interrogatory because it seeks information (1) beyond that required by the Rule 26 required disclosures or the Local Rules of this Court; (2) not reasonably calculated to lead to the discovery of admissible evidence or related to any parties' claims or defenses; (3) not proportional to the needs of the case, as it is not important in resolving any issues; and (4) protected by the work-product doctrine in any cases in which an expert may have been retained as a consultant.

Mr. Hirsh has not retained either expert in the last five years, other than in this case. Mr. Hirsh has no personal knowledge as to whether his attorneys have retained either expert in the last five years.

## EXPERT INTERROGATORY NO. 6

Please state the total amount of money paid to each of the retained Experts by the Defendant and/or Defendant's attorneys in the five (5) years before these Interrogatories. Please note that this interrogatory also encompasses the total amount paid to the Expert's company.

**ANSWER**: Mr. Hirsh objects to this interrogatory because it seeks information (1) beyond that required by the Rule 26 required disclosures or the Local Rules of this Court; (2) not reasonably calculated to lead to the discovery of

4

admissible evidence or related to any parties' claims or defenses; (3) not proportional to the needs of the case, as it is not important in resolving any issues; and (4) protected by the work-product doctrine in any cases in which an expert may have been retained as a consultant.

Mr. Hirsh has paid either expert any amounts in the last five years. Mr. Hirsh has no personal knowledge as to whether his attorneys have paid either expert anything in the last five years.

**EXPERT INTERROGATORY NO. 7**

Please approximate the portion of the Expert(s)'s listed in #1 involvement as an expert witness. This approximation may be based on the number of hours, percentage of hours, or percentage of earning income derived from retentions as an expert witness.

**ANSWER**: Mr. Hirsh objects to this interrogatory as confusing, as no experts are listed in #1, and it is not clear what is being asked. Mr. Hirsh assumes this interrogatory is referring to the experts listed in response to interrogatory no. 2 and that "portion" refers to the percentage of hours and/or income each expert receives as an expert as compared to hours worked and/or income received in his profession. Mr. Hirsh has been informed that the hours worked by Mr. Lopez as an expert are negligible as compared to the hours worked in his profession as an attorney. Mr. Hirsh has been informed that the proportion of hours Mr. Fey works as an expert compared to the hours he works as an insurance professional is about 50/50.

**EXPERT INTERROGATORY NO. 8**

Please list all litigation cases by name and location that each retained expert has performed an analysis and/or rendered opinions for Defendant and/or Defendant's attorney, over the past five (5) years.

**ANSWER**: Mr. Hirsh objects to this interrogatory because it seeks information (1) beyond that required by the Rule 26 required disclosures or the Local Rules of this Court; (2) not reasonably calculated to lead to the discovery of admissible evidence or related to any parties' claims or defenses; (3) not proportional to the needs of the case, as it is not important in resolving any issues; and (4) protected by the work-product doctrine in any cases in which an expert may have been retained as a consultant.

Neither expert has performed any analysis or rendered any opinions for Mr. Hirsh over the last five years, other than in this case. Mr. Hirsh has no personal knowledge as to whether either expert has performed analysis or rendered any opinions for his attorneys over the last five years.

**EXPERT INTERROGATORY NO. 9**

Please state whether the above-described Expert has previously testified live or deposition in any other litigation as an expert witness.

**ANSWER**: Mr. Hirsh is of the understanding that Mr. Lopez and Mr. Fey have testified live and in deposition as experts.

**EXPERT INTERROGATORY NO. 10**

Please answer the following questions with respect to each Expert:

    a.    Please identify each case in which the expert has testified as an expert witness by deposition during the preceding five (5) years and indicate for each case identified whether the expert was retained by the plaintiff or the defendant, whether directly or through the party(ies) attorney and/or insurer.

    b.    Please identify each case in which the expert has testified as an expert witness in trial during the preceding five (5) years and indicate for each case identified whether the expert was retained by the plaintiff or the defendant, whether directly or through the party(ies) attorney and/or insurer.

    c.    Please state the names of all cases, including, the style of the case, the number and the court in which the case is/was pending, for all cases in which any expert(s) retained by Defendant and/or Defendant's counsel in this case was / were retained as an expert (s) by, or on behalf of, Defendant and/or Defendant's counsel's law firm and its clients during the past five (5) years.

    d.    Based on the information provided in response to question c above, please identify those cases in which any expert(s) has/have provided testimony in the form a deposition or at trial, for, or on behalf of Defendant and/or Defendant's counsel's law firm and its clients during the past five (5) years.

    e.    Please state the total amount of expert fees paid to each expert(s) by or on behalf of Defendant and/or Defendant's counsel's law firm and its clients, during the past five (5) years regarding those cases listed above.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this interrogatory as carelessly formulated so as to be needlessly cumulative of

information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

Mr. Hirsh objects to this interrogatory because it seeks information (1) beyond that required by the Rule 26 required disclosures or the Local Rules of this Court; (2) not reasonably calculated to lead to the discovery of admissible evidence or related to any parties' claims or defenses; (3) not proportional to the needs of the case, as it is not important in resolving any issues; (4) burdensome, as it requires Mr. Hirsh to compile long lists of details and shifts the cost of doing so to Mr. Hirsh; and (5) protected by the work-product doctrine in any cases in which an expert may have been retained as a consultant.

## **EXPERT INTERROGATORY NO. 11**

For each expert witness, please provide the following information:

    a.    The scope of each expert's employment in the pending case and the compensation for such service;

    b.    The expert witness' general litigation experience, including the percentage of work performed for plaintiffs and defendants; and

    c.    An approximation of each expert's involvement as an expert witness, based upon the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this

interrogatory as carelessly formulated so as to be needlessly cumulative of information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

Mr. Hirsh objects to this interrogatory because it seeks information (1) beyond that required by the Rule 26 required disclosures or the Local Rules of this Court; (2) not reasonably calculated to lead to the discovery of admissible evidence or related to any parties' claims or defenses; and (3) not proportional to the needs of the case, as it is not important in resolving any issues.

**EXPERT INTERROGATORY NO. 12**

Have any of the experts identified above ever had their testimony limited, stricken, or otherwise been disqualified in whole or in part from testifying before any Court? If so, name each such expert and identify each and every instance the expert has been disqualified; state the case name, number, and court for each instance; completely describe the facts and circumstances of each such disqualification; and explain why the testimony was limited, stricken, or the expert was disqualified.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties.

Mr. Hirsh objects to this interrogatory as it shifts to Mr. Hirsh the cost of legal research DGIC can do itself.

Mr. Hirsh has no personal knowledge responsive to this interrogatory.

## EXPERT INTERROGATORY NO. 13

With regard to each expert, state the subject matter on which he or she has rendered opinions in this matter, and for each subject matter state the substance of the facts and opinions to which he or she is expected to testify.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this interrogatory as carelessly formulated so as to be needlessly cumulative of information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

## EXPERT INTERROGATORY NO. 14

With regard to each expert, state all arbitrations hearings and judicial or administrative actions in which he or she has testified previously as an expert witness in the last five (5) years, and for each such matter, state the name of the case, docket or administrative number, court or arbitration or administrative agency, dates or testimony, substance of the testimony, the opinion rendered, results of the case and the party for which the testimony was given, and provide a transcript of your expert's testimony, if any.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this interrogatory as carelessly formulated so as to be needlessly cumulative of information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

## EXPERT INTERROGATORY NO. 15

With regard to each expert, state whether he or she has ever testified on behalf of the same attorney and/or law firm that is representing the party on behalf of which the expert will testify in this action, and, if so, state all times, dates, and cases (including the case name, case number, court and/or arbitration body) in which said testimony was given.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties.

Mr. Hirsh objects to this interrogatory as not reasonably limited in time, not proportional to the needs of the case and not relevant to any claim or defense..

Mr. Hirsh has no personal knowledge responsive to this interrogatory.

## EXPERT INTERROGATORY NO. 16

With regard to each expert, (a) list which experts, if any, have tested, analyzed, examined or inspected any document, photograph, item or object related in any way to this lawsuit, (b) describe each document, photograph, item or object in detail, (c) state the name of the expert which tested, analyzed, examined, or inspected the document, photograph, item or object, (d) state the results of such test, analysis, inspection and/or examination, and (e) identify any documents that evidence your response.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this interrogatory as carelessly formulated so as to be needlessly cumulative of

11

information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

**EXPERT INTERROGATORY NO. 17:** As to each expert, please state whether he/she issued a written report in this case.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Yes as to both.

**EXPERT INTERROGATORY NO. 18**

List any publications, textbook articles or other written materials prepared or authorized by the above-described expert witness.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this interrogatory as carelessly formulated so as to be needlessly cumulative of information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

Mr. Hirsh objects to this interrogatory because it seeks information (1) beyond that required by the Rule 26 required disclosures or the Local Rules of this Court; (2) not reasonably calculated to lead to the discovery of admissible evidence or related to any parties' claims or defenses; (3) not proportional to the needs of the case, as it is not important in resolving any issues; (4) burdensome, as it requires Mr.

12

Hirsh to compile long lists of details and shifts the cost of doing so to Mr. Hirsh; and (5) not reasonably limited in scope as to time or subject matter.

## **EXPERT INTERROGATORY NO. 19**

List all areas in which each expert witness professes expertise.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties.

Mr. Hirsh objects to this interrogatory because it seeks information (1) beyond that required by the Rule 26 required disclosures or the Local Rules of this Court; (2) not reasonably calculated to lead to the discovery of admissible evidence or related to any parties' claims or defenses; (3) not proportional to the needs of the case, as it is not important in resolving any issues; (4) burdensome, as it shifts the cost to Mr. Hirsh of compiling information DGIC may gather itself.

## **EXPERT INTERROGATORY NO. 20**

Please list any articles, textbooks, blogs, or other publications of whatever nature referred to by the expert in the formulation of his opinion in this matter.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this interrogatory as carelessly formulated so as to be needlessly cumulative of

information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

### EXPERT INTERROGATORY NO. 21

Please state the field of expertise of each expert witness and set forth the professional degrees, special professional training and experience and/or special knowledge or skill of said expert witness.

**ANSWER**: Mr. Hirsh objects to this interrogatory because DGIC has exceeded the maximum number of interrogatories without seeking leave of Court and without consulting with the other parties. Related, Mr. Hirsh objects to this interrogatory as carelessly formulated so as to be needlessly cumulative of information required to be provided under Rule 26(a)(2)(b) and requested by other interrogatories, making the interrogatory overly burdensome.

Respectfully submitted July 1, 2024.

/s/ Richard E. Dolder, Jr.
James (Jay) Sadd
Georgia Bar No. 622010
Richard E. Dolder, Jr.
Georgia Bar No. 220237
**SLAPPEY & SADD, LLC**
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 (telephone)
(404) 255-7340 (facsimile)
jay@lawyersatlanta.com
rich@lawyersatlanta.com
*Attorneys for Mr. Hirsh*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused the foregoing **Defendant D. Max Hirsh's Responses to Plaintiff's Expert Witness Interrogatories** to be served on all counsel of record by sending a copy via electronic mail to the following counsel of record:

Rory E. Jurman, Esq.
Hinshaw & Culbertson, LLP
201 East Las Olas Boulevard
Suite 1450
Ft. Lauderdale, FL 33301
rjurman@hinshawlaw.com
*Attorney for Direct General*

William A. Parker, Jr.
Montlick & Associates, P.C.
17 Executive Park Drive
Suite 300
Atlanta, GA 30329
bparker@montlick.com
*Attorney for Christopher Evans*

Bruce A. Hagen, Esq.
Matthew R. Hagen, Esq.
Hagan Rosskopf, LLC
119 North McDonough Street
Decatur, GA 3003
bruce@hagen-law.com
matt@hagen-law.com
*Attorneys for Polina Denissova*

And by sending via U.S. mail to the following:

Roger Hartsfield
29 Duncan Drive SW
Cartersville, GA 30120

Respectfully submitted this 1st day of July, 2024.

*/s/ Richard E. Dolder, Jr.*
Richard E. Dolder, Jr.

15