# MONTLICK & ASSOCIATES, P.C.
*ATTORNEYS AT LAW*

17 EXECUTIVE PARK DRIVE • SUITE 300
ATLANTA, GEORGIA • 30329

Telephone (404) 235-5000

## FACSIMILE TRANSMITTED DOCUMENT

Please deliver the following as soon as possible:

**TO:** Jeanna Matoy

**FAX #:** 818009240273

**FROM:** Kimberly Webb

**PHONE #:** 404.235.5000, ext. 275

**FROM FAX #:** 404.458.2225

**DATE:** Thursday, August 9, 2018

**Pages including this cover page:** 18

**RE:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CONFIDENTIALITY NOTICE:** The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed above. If you are neither the intended recipient nor the employee nor agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or taking of any action in regard to the contents of this photocopied information is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and we will arrange for the documents to be returned. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LTR_004::ndls

**EXHIBIT A**

DGIC 001318

David R. Montlick
Alan Y. Saltzman°
Kathy Opperman°¹

Jonathan B. Pierce
Orlando A. Marra *FL
Patrick R. Matarrese
Rory S. Chumley
Michael N. Rubin *MD
Lynn S. Walker
Michael J. Moran
Kimberly L. Jacobsen
Joel H. Roth *NY
Richard K. Warner *NY
D. Jeffrey Beaird *AL, TN
Jeffrey S. Kowalski
Christopher R. Ostolski
Joel E. Hausman * PA
Ramon W. Palanca, Jr.
Margaret K. Grenleski
Nathan A. Kratzert

# MONTLICK & ASSOCIATES, P.C.
*ATTORNEYS AT LAW*

17 EXECUTIVE PARK DRIVE • SUITE 300
ATLANTA, GEORGIA • 30329

TELEPHONE (404) 529-6333 • FACSIMILE (404) 321-3323
Montlick.com

Jason A. Saltzman
Craig W. LaChanse
Aaron N. Monick *TN
Jennifer J. Fleming *NJ, PA
Alyssa A. Martins
Sara E. Root
Faris Zejnelovic
Sarah D. Neeland
Benjamin V. Copeland
Helen Suh Hopkins*FL
Nora-Jane Roberts-Williams
Douglas J. Glosser
Sharon Chester Barnes
William A. Parker, Jr.* PA, SC
Alexander J. Tertichny
Heather L. McPhillip
Thomas M. Cristadoro
Wayne C.J. Washington *FL
Michelle G. Mumpower
Nives R. Juric

° Managing Attorney
¹ also admitted in NY, NJ, & N.S.W.
* also admitted in other state(s)

August 9, 2018

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
Ms. Jeanna Matoy
Direct General Insurance
P.O. Box 1623
Winston Salem, NC  27102

**U.S. POSTAL SERVICE EXPRESS MAIL**
Ms. Jeanna Matoy
Direct General Insurance
P.O. Box 1623
Winston Salem, NC  27102

**VIA FACSIMILE**  (800) 924-0273
Ms. Jeanna Matoy
Direct General Insurance

RE:  Our Client:     Christopher Evans, surviving parent
                     of **Andrew Evans, Deceased**
     Incident Date:  July 27, 2018
     Defendant Driver: Shannon Hartsfield, Deceased
     Your Insured:   Roger Hartsfield
     Your Claim #:   3433126

Dear Ms. Matoy:

This law firm represents the interests of Mr. Christopher Evans as surviving father of Andrew Evans (deceased). We represent Mr. Christopher Evans in a claim against your insured, Shannon Hartsfield (permissive driver), for the wrongful death of Andrew Evans. Andrew Evans was killed due to the negligence of defendant Hartsfield on July 27, 2018.

Ms. Matoy
Page 2

Pursuant to O.C.G.A. § 9-11-67.1, we are providing to you a reasonable opportunity to settle Christopher Evans' claims (wrongful death of Andrew Evans) against Shannon Marie Hartsfield and/or the Estate of Shannon Marie Hartsfield arising out of the above-referenced motor vehicle collision for an amount within policy limits to the extent provided in the attached limited liability release. By timely accepting this offer, you will protect Shannon Marie Hartsfield and/or the Estate of Shannon Marie Hartsfield from responsibility to pay an excess judgment; protracted litigation (not including that which may be necessary to make other insurance claims); the time and expense of attending depositions, participating in discovery and attending trial; litigation costs and attorneys' fees; and other losses typically caused by a failure to timely settle claims.

## LIABILITY

Andrew Evans died on Wednesday, July 27, 2018. But for Shannon Marie Hartsfield's negligence, Andrew would be with us today.

Without question, Shannon Marie Hartsfield was at fault for this incident. Per the police report Ms. Hartsfield was **at fault for traveling into an intersection without stopping at a posted stop sign.** The diagram below depicts what occurred:



Considering the facts and circumstances of this incident, liability is clear and should not be an issue in resolving this matter.

Ms. Matoy
Page 3

## WRONGFUL DEATH OF ANDREW EVANS

Several statutes are relevant to evaluating this claim

<u>O.C.G.A. § 51-4-1</u> sets forth:

*As used in this chapter, the term:*

*(1) 'Full value of the life of the decedent, as shown by the evidence' means the full value of the life of the decedent without deducting for any of the necessary or personal expenses of the decedent had she lived.*

*(2) **'Homicide' includes all cases in which the death of a human being results from a crime, from criminal or other negligence**, or from property which has been defectively manufactured, whether or not as the result of negligence.*

<u>O.C.G.A. § 51-4-4</u> sets forth:

*The right to recover for the **homicide of a child shall be as provided in Code Section 19-7-1.***

<u>O.C.G.A. § 19-7-1</u> sets forth in part the following:

*...(c)(1) **In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child, either as provided in this Code section or as provided in Chapter 4 of Title 51.***

*(2) **If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph as follows:***

*(A) If the parents are living together and not divorced, the right shall be in the parents jointly;*

*(B) If either parent is deceased, the right shall be in the surviving parent; or*

*(C) **If both parents are living but are divorced, separated, or living apart, the right shall be in both parents.** However, if the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection. Unless a motion is filed as provided in paragraph (6) of this subsection, such a judgment shall be divided equally between the parents by the judgment; and the share of an absent parent shall be held for such time, on such terms, and with such direction for payment if the absent parent is not found as the judgment directs. Payment of a judgment awarded to the parent or parents having the cause of action under this subparagraph or the execution of a release by a parent or parents having a cause of action under this subparagraph shall constitute a full and complete discharge of the judgment debtor or releasee. If, after two years from the*

Ms. Matoy
Page 4

*date of any recovery, the share of an absent parent has not been paid to the absent parent, the other parent can petition the court for the funds, and the recovery, under appropriate court order, shall be paid over to the parent who initiated the recovery.*

*(3) **The intent of this subsection is to provide a right of recovery in every case of the homicide of a child who does not leave a spouse or child.** If, in any case, there is no right of action in a parent or parents under the above rules, the right of recovery shall be determined by Code Section 51-4-5.*

*(4) **In this subsection the terms 'homicide' and 'full value of the life' shall have the meaning given them in Chapter 4 of Title 51.***

*(5) In actions for recovery, the fact that the child was born out of wedlock shall be no bar to recovery...*

In light of the above, we inform you that we have **not** set up an "Estate" on behalf of Andrew Evans and we will **not** be setting up an Estate in the future. The above statute allows the surviving parent / father (since Andrew died unmarried and without children) to proceed against Shannon Marie Hartsfield and/or Estate of Shannon Marie Hartsfield for an "action for wrongful death" on behalf of the parent of Andrew Evans for the full value of his life. **Andrew was only 6 years old.**

The following shows the parents of the deceased:

| Name | Age | Relationship |
|---|---|---|
| Christopher Evans | 34 | Father |
| Polina Denissova | 36 | Mother |

Mr. Christopher Evans is under contract with Montlick & Associates, P.C. Mr. Christopher Evans has instructed our firm to bring this claim for wrongful death pursuant to O.C.G.A. § 51-4-1, O.C.G.A. § 51-4-4 and O.C.G.A. § 19-7-1.

### SETTLEMENT PROPOSAL

Pursuant to O.C.G.A. § 51-4-1, O.C.G.A. § 51-4-4 and O.C.G.A. § 19-7-1, on behalf of Christopher Evans (the surviving parent / father of Andrew Evans), we hereby demand written tender of all available insurance funds. Tender would be for the wrongful death of Andrew Evans. Available insurance would include any policy of insurance that would afford insurance for this event inclusive of but not limited to:

A) The full policy of insurance on the vehicle (1996 Toyota Avalon, VIN # 4T1BF12B7TU100858) driven by Shannon Marie Hartsfield on July 27, 2018 (since your company has not divulged said coverage amount in writing, we will use the figure of *$100,000.00 for example purposes only*. Of course, if the limit of coverage is higher than this amount, our demand will be for said higher amount;

B) As detailed in items "1" – "6" below (with particular attention to "6 (a-e)", we also demand tender of "ALL AVAILABLE INSURANCE FUNDS" that would include any other bodily injury liability funds that would cover this event.

Pursuant to O.C.G.A. § 9-11-67.1 and on behalf of Christopher Evans, surviving son of Andrew Evans, we are providing a reasonable opportunity to settle the claims against your client under the following terms, as well as those set forth above and in the attached limited liability release:

(1) You have 30 days from your receipt of this offer to accept it. The 30-day period shall be conclusively established by the green return-receipt-requested postcard provided by the U.S. postal service.

If we do not actually receive a timely acceptance, this offer will be deemed rejected, and we will file a lawsuit against Shannon Marie Hartsfield and/or the Estate of Shannon Marie Hartsfield to recover the total amount of losses caused by Shannon Marie Hartsfield's negligence, instead of the limited amount afforded by relevant insurance coverage and other coverage that may be available. We must insist that you reply to this correspondence in writing. Please provide written tender of ALL AVAILABLE INSURANCE FUNDS that would include written proof of the actual insurance coverage involved. Please respond via email to rory@montlick.com **and** via facsimile to (678)651-1316.

(1) Payment in the amount of $100,000.00 + the amount of "ALL AVAILABLE INSURANCE FUNDS" must be made payable to Christopher Evans and Montlick & Associates, P.C. (Tax ID# 58-1570193) within ten (10) days after your written acceptance of this offer to settle (with immediate overnight delivery or courier delivery to our firm at 17 Executive Park Drive, Suite 300, Atlanta, Georgia 30329). **Timely payment is an essential element of acceptance.**

(2) Shannon Marie Hartsfield and/or the Estate of Shannon Marie Hartsfield will be released from liability subject to the limited liability release attached that all agree are in accordance with provisions set forth in O.C.G.A. § 33-24-41.1.

(3) The type of release offered is the attached limited liability release. See attached Exhibit "B".

(4) The claims released by accepting this offer are all wrongful death claims against Shannon Marie Hartsfield and/or the Estate of Shannon Marie Hartsfield, subject to the terms of the attached limited liability release.

(5) "ALL AVAILABLE INSURANCE FUNDS" would include any policy of insurance that would afford insurance for this event inclusive of but not limited to:

a) The full policy of insurance on the vehicle (1996 Toyota Avalon, VIN # 4T1BF12B7TU100858) driven by Shannon Marie Hartsfield on July 27, 2018. Of course, if the limit of coverage is higher than this amount, our demand will be for said higher amount;

DGIC 001323

Ms. Matoy
Page 6

  b) The full policy limit of insurance of any other vehicle or other viable insurance that was in effect on July 27, 2018 and would provide coverage in relationship to this event. Inclusive of but not limited to:

    i) any other vehicle that Shannon Marie Hartsfield is named as an insured or considered as an insured due to marital status or other family relationship;

    ii) any other vehicle of a relative(s) of Shannon Marie Hartsfield who was of his same residence (household) on July 27, 2018;

    iii) Any relevant vehicle umbrella policy that would afford coverage to Shannon Marie Hartsfield for this collision;

  c) The full policy limit of insurance for any umbrella coverage via any relevant homeowners, corporation or business insurance that would afford coverage to Shannon Marie Hartsfield for this collision.

  d) IF IT IS ALLEGED that the only policy that covers this event is the Direct General Insurance Policy on the vehicle 1996 Toyota Avalon, VIN # 4T1BF12B7TU100858) driven by Shannon Marie Hartsfield on July 27, 2018 (believed to be policy # GABD5900034) we will then require, as part of your written response to this letter, **affidavits from the following persons / entities (inclusive of but not limited to) attesting to same:**

    i) **Roger Lamar Hartsfield;**

    ii) **Any person(s) living in the household(s) of Shannon Marie Hartsfield on July 27, 2018;**

    iii) **A representative from Direct General attesting to same. Furthermore, we will need Direct General to produce a copy of the policy and relevant declarations page(s) to establish the limit of available liability coverage.**

The above referenced affidavits are paramount to your compliance with this settlement demand. Said affidavits <u>must</u> be attached to your written response. **ANY RESPONSE WITHOUT THE REQUESTED AFFIDAVITS ATTACHED TO SAME WILL BE DEEMED A COUNTER OFFER AND WE WILL HAVE NO CHOICE BUT TO FILE SUIT. THUS, DO NOT TAKE LIGHTLY YOUR DUTY TO SPEAK WITH YOUR INSURED (AND ANY PERSON(s) OR ENTITY NAMED ABOVE OR IN "i" – "iii" ABOVE) TO FIND OUT ALL THE VEHICLES GARAGED IN SHANNON MARIE HARTSFIELD'S HOME, INSURED IN HER NAME (OR THE NAME OF A FAMILY MEMBER) OR ANY OTHER POLICY OF INSURANCE THAT WOULD COVER DEFENDANT SHANNON MARIE HARTSFIELD FOR HER NEGLIGENCE ON JULY 27, 2018.**

Ms. Matoy
Page 7

   e) Please advise if the bodily injury liability coverage has been reduced <u>by payment for other claims</u>, please forward written proof of coverage, with additional proof showing payments made to diminish said liability property coverage as part of your response to this correspondence.

  *I have attached a copy of a DRAFT limited liability release* (attached as <u>Exhibit "B"</u>) *that I have used in the past* (a prior settlement with a defendant insurance carrier on similar issue). THIS DRAFT IS ATTACHED FOR EXAMPLE PURPOSES ONLY AND ASSUMES A BODILIY INJURY LIMIT OF $100,000.00. AS STATED PREVIOUSLY IN THIS CORRESPONDENCE, IF THE LIMIT OF COVERAGE IS HIGHER THAN $100,000.00, OUR DEMAND WILL BE FOR WHATEVER THAT AMOUNT MAY BE IN THIS INSTANCE.

  This letter is written in the spirit of compromise and settlement. Any statements or propositions contained herein are not proper evidence and are inadmissible in a court of law.

  We look forward to hearing from you in the near future regarding the final resolution of this matter. I can be reached at (404) 235-5000. With best regards,

      Very truly yours,

      MONTLICK & ASSOCIATES, P.C.

    BY: _____
      RORY S. CHUMLEY
      Attorney at Law

LTR_028:654889:ndls
Enclosures

DGIC 001325





Page 1 of 4

| Agency Case Number | Agency NCIC Number | GEORGIA | County | Date Rec. by GDOT |
|---|---|---|---|---|
| C000571916-01 | GAGSP0000 | MOTOR VEHICLE CRASH REPORT | BARTOW | |

| Estimated Crash | | Dispatch | | Arrival | | Total Number of | | | Inside City Of |
|---|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Vehicles | Injuries | Fatalities | |
| 07/27/18 | 14:22 | 07/27/18 | 14:32 | 07/27/18 | 14:45 | 2 | 3 | 4 | |

**Road of Occurrence:** GA SR 140　**At Its Intersection With:** TOWE CHAPEL RD NW　☐ Corrected Report

**Not At Its Intersection But** ___ ☐ Miles ☐ North ☐ East / ☐ Feet ☐ South ☐ West **Of** ___　☐ Sup To Original

**Latitude (Y):** 34.38145　**Longitude (X):** -84.83982　☐ Hit And Run?

| Unit # | ☒ Driver / ☐ Ped / ☐ Bike | LAST NAME | FIRST | MIDDLE | Unit # | ☒ Driver / ☐ Ped / ☐ Bike | LAST NAME | FIRST | MIDDLE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | HARTSFIELD | SHANNON | MARIE | 2 | | JUSTUS | SHANNON | K |
| | ☐ Susp At Fault | Address: 29 DUNCAN DR SW | | | | ☐ Susp At Fault | Address: 483 COUNTY ROAD 769 | | |

| City | State | Zip | DOB | City | State | Zip | DOB |
|---|---|---|---|---|---|---|---|
| CARTERSVILLE | GA | 30120 | 01/10/1977 | HENAGAR | AL | 35978 | 04/22/1976 |

| Driver's License No. | Class | State | Country | Driver's License No. | Class | State | Country |
|---|---|---|---|---|---|---|---|
| 055445190 | C | GA | UNITED STATES | 6020217 | D | AL | UNITED STATES |

| Insurance Co. | Policy No. | Telephone No. | Insurance Co. | Policy No. | Telephone No. |
|---|---|---|---|---|---|
| DIRECT GENERAL INSURAN | GABD59000342 | | COUNTRY FINANCIAL | J01A5303099 | 256-630-2256 |

| Year | Make | Model | Year | Make | Model |
|---|---|---|---|---|---|
| 1996 | TOYOTA | AVALON U.S. XL | 2004 | FORD | F150 FX4 CREW 4 |

| VIN | Vehicle Color | VIN | Vehicle Color |
|---|---|---|---|
| 4T1BF12B7TU100858 | BGE | 1FTPW14524KC35230 | GRN |

| Tag # | State | County | Year | Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|
| PJL6724 | GA | BARTOW | 2018 | 4579AM9 | AL | | 2018 |

| Trailer Tag # | State | County | Year | Trailer Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ☐ Same as Driver | Owner's Last Name | First | Middle | ☒ Same as Driver | Owner's Last Name | First | Middle |
|---|---|---|---|---|---|---|---|
| | HARTSFIELD | ROGER | LAMAR | | JUSTUS | SHANNON | K |

**Address:** 122 MAYBELLE ST　　**Address:** 483 COUNTY ROAD 769

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| CARTERSVILLE | GA | 30120-3618 | HENAGAR | AL | 35978 |

| Removed By: MATTHEW SMITH TOWING | ☐ Request ☒ List | Removed By: MATTHEW SMITH TOWING | ☐ Request ☒ List |
|---|---|---|---|

| Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: | Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: |
|---|---|---|---|---|---|---|---|---|---|---|---|

| First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 2 | First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 |
|---|---|---|---|---|---|

| Operator Contributing Factors: 6　4 | Operator Contributing Factors: 1 |
|---|---|

| Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 | Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 |
|---|---|---|---|
| Direction of Travel: 1 | Vehicle Maneuver: 5 | Non-Motor Maneuver: | Direction of Travel: 3 | Vehicle Maneuver: 5 | Non-Motor Maneuver: |
| Vehicle Class: 1 | Vehicle Type: 1 | Vision Obscured: 1 | Vehicle Class: 1 | Vehicle Type: 2 | Vision Obscured: 1 |
| Number of Occupants: 4 | Area of Initial Contact: 9 | Damage to Veh: 4 | Number of Occupants: 3 | Area of Initial Contact: 12 | Damage to Veh: 4 |
| Traffic-Way Flow: 1 | Road Comp: 2 | Road Character: 1 | Traffic-Way Flow: 1 | Road Comp: 2 | Road Character: 1 |
| Number of Lanes: 2 | Posted Speed: 35 | Work Zone: 0 | Number of Lanes: 2 | Posted Speed: 55 | Work Zone: 0 |

| Traffic Control: 5 | Device Inoperative: ☐ Yes ☒ No | Traffic Control: 1 | Device Inoperative: ☐ Yes ☒ No |
|---|---|---|---|

**Citation Information:**
Citation # ___ O.C.G.A. § ___
Citation # ___ O.C.G.A. § ___
Citation # ___ O.C.G.A. § ___

**Citation Information:**
Citation # ___ O.C.G.A. § ___
Citation # ___ O.C.G.A. § ___
Citation # ___ O.C.G.A. § ___

**COMMERCIAL MOTOR VEHICLES ONLY** | **COMMERCIAL MOTOR VEHICLES ONLY**

| Carrier Name: | Carrier Name: |
|---|---|
| Address　City　State　Zip | Address　City　State　Zip |
| U.S.D.O.T. # | No. of Axles | G.V.W.R. | U.S.D.O.T. # | No. of Axles | G.V.W.R. |
| Cargo Body Type　Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No | Cargo Body Type　Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No |
| C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No | C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No |
| Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No | Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No |

Haz Mat Released? ☐ Yes ☐ No
If YES: Name or four Digit Number from Diamond or Box: ___
One Digit Number from Bottom of Diamond: ___

Haz Mat Released? ☐ Yes ☐ No
If YES: Name or four Digit Number from Diamond or Box: ___
One Digit Number from Bottom of Diamond: ___

☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units | ☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units

GDOT-523 (07/17)

DGIC 001327

Page 2 of 4

## COLLISION FIELDS

| Manner of Collision: | 1 | Location at Area of Impact: | 7 | Weather: | 1 | Surface Condition: | 1 | Light Condition: | 1 |

## NARRATIVE

Vehicle #1 was traveling north on Towe Chapel Road. Vehicle #2 was traveling east on GA SR 140.

According to the Witness, who was traveling directly behind Vehicle #2, Vehicle #1 traveled into the intersection, without stopping at a posted stop sign or slowing.

As Vehicle #1 traveled into the eastbound lanes of GA SR 140, it was struck on its left side by Vehicle #2's front end area. After the collision, Vehicle #1 was pushed toward the northeast corner of the intersection and traveled off the roadway, coming to a final rest approximately 25 feet from the north edge of GA SR 140.

The area of impact was in the eastbound lane on GA SR 140 at Towe Chapel Road, and was determined based on gouge marks in the roadway, debris from the crash, and the statement of the Witness and Driver #2.

Driver #2 stated he did not see Vehicle #1 before the crash; that he only remembered his airbags inflating.

The crash investigation was digitally recorded.

## DIAGRAM

INDICATE NORTH

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle | Owner |

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|
| PRYNKIEWICZ, MARK | 8394 COVENTRY CT | NORTH CHARLESTON | SC | 29420 | 843-437-9885 |

## OCCUPANT INFORMATION

| # | Name (Last, First) | | | | | Address | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age | Sex | Unit # | Position | Safety Eq | Ejected | Extricated | Air Bag | Injury | Taken for Treatment |
| | Injury Taken To | By | | EMS Notified Time | | EMS Arrival Time | | Hospital Arrival Time | | |
| 1 | HARTSFIELD, SHANNON | | | | | 29 DUNCAN DR SW CARTERSVILLE, GA 30120 | | | | |
| | 41 | F | 1 | 1 | 3 | 1 | 1 | 1 | 1 | 2 |
| | | | | 14:23 | | 14:35 | | | | |
| 2 | EVANS, NANCY | | | | | 447 LAKEVIEW DR SE #1 ACWORTH, GA 30102 | | | | |
| | 53 | F | 1 | 3 | 3 | 1 | 2 | 1 | 1 | 1 |
| | CARTERSVILLE MEDICAL CEN | BARTOW EMD | | 14:23 | | 14:35 | | 15:25 | | |
| 3 | WILLIS, RICHIE | | | | | 207 PLEASANT VALLEY RD NW APT D ADAIRSVILLE, GA 30103 | | | | |
| | 36 | M | 1 | 6 | 8 | 1 | 2 | 2 | 1 | 2 |
| | | | | 14:23 | | 14:35 | | | | |
| 4 | EVANS, ANDREW | | | | | 40 PEACHTREE VALLEY RD NE APT 1831 ATLANTA, GA 30309 | | | | |
| | 6 | M | 1 | 4 | 8 | 1 | 1 | 2 | 1 | 1 |
| | FLOYD MEDICAL CENTER | BARTOW EMS | | 14:23 | | 14:35 | | 15:25 | | |
| 5 | JUSTUS, SHANNON | | | | | 483 COUNTY ROAD 769 HENAGAR, AL 35978 | | | | |
| | 42 | M | 2 | 1 | 3 | 1 | 2 | 1 | 2 | 1 |
| | CARTERSVILLE MEDICAL CEN | BARTOW EMS | | | | | | | | |
| 6 | JUSTUS, WILLIAM | | | | | 483 COUNTY ROAD 769 HENAGAR, AL 35978 | | | | |
| | 11 | M | 2 | 3 | 3 | 1 | 2 | 1 | 3 | 1 |
| | CARTERSVILLE MEDICAL CEN | BARTOW EMS | | | | | | | | |
| 7 | JUSTUS, DRAKE | | | | | 483 COUNTY ROAD 769 HENAGAR, AL 35978 | | | | |
| | 16 | M | 2 | 6 | 3 | 1 | 2 | 2 | 3 | 1 |
| | CARTERSVILLE MEDICAL CEN | BARTOW EMS | | | | | | | | |

GDOT-523 (07/17)    MAIL TO: Georgia Department of Transportation, CRASH REPORTING UNIT, 935 East Confederate Ave., Atlanta GA 30316-2590

DGIC 001328

Page 3 of 4

| ADMINISTRATIVE | | | | |
|---|---|---|---|---|
| Photos Taken: | ☒ Yes ☐ No | By: B. KYNARD #986 | Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reportin Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404)635-2953. | |
| Report By: SANFORD, B. #0629 | | Agency: GSPA\POST 3 | Report Date: 07/27/18 | Checked By: SHAMBLIN, D. #0485 | Date Checked: 07/29/18 |

GDOT-523 (07/17)

DGIC 001329

Fax Server  Case 1:23-cv-03491-ELR  Document 101-1  Filed 08/26/24  Page 13 of 18  8/9/2018 10:22:57 AM  PAGE  13/018  Fax Server

Page 4 of 4

ADDITIONAL or FULL PAGE DIAGRAM



GDOT-523 SUPP (07/17)

DGIC 001330





DGIC 001331

# LIMITED LIABILITY RELEASE WRONGFUL DEATH ONLY

## Pursuant to O.C.G.A. § 33-24-41.1

KNOW ALL MEN by these presents that CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS, "the Undersigned," for and in consideration of the sum of ONE HUNDRED THOUSAND and 00/100 DOLLARS ($100,000.00) *** OR THE LIMIT OF COVERAGE IF FOUND TO BE HIGHER AS PER OUR CORRESPONDENCE OF 08/09/18**** (and/or the amount of "All Available Insurance Funds" as referred to in correspondence of 08/09/18), to the Undersigned, in hand paid, receipt and sufficiency of which is hereby acknowledged, does hereby and for the heirs, executors, administrators, successors, and assigns of the Undersigned acquit, remise, release, and forever discharge DIRECT GENERAL INSURANCE COMPANY with regard to Policy No. GABD5900034, "Insurance Carrier," and does hereby acquit, remise, release, and forever discharge Shannon Mare Hartsfield, The Estate of Shannon Marie Hartsfield and Roger Lamar Hartsfield, "Limited Liability Releasees," except to the extent other insurance coverage is available which covers the claim or claims of the Undersigned against the Limited Liability Releasees, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature relating to the wrongful death of ANDREW EVANS on account of or resulting from the accident, casualty, or event which occurred on or about July 27, 2018.

The parties agree that pursuant to O.C.G.A. § 51-1-32, CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS has "a separate and distinct cause of action against the person or persons whose wrongful or negligent act caused such injury for the

Re: CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS
Limited Liability Release Bodily Injury Only
Page 1

DGIC 001332

physical injury to his son and a separate and distinct cause of action for the loss of his sons' property." Further, that CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS has chosen to prosecute each cause of action separately as allowed by law. As such, the parties agree that this limited release in no way releases any claim or action related to CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS' son's property damage or derivative claims of his son's property loss.

This Limited Liability Release does not release Insurance Carrier for any other policies of insurance it has issued to Limited Liability Releasees or any other person or entity, including the Undersigned, and the Undersigned maintains all rights against Insurance Carrier to pursue recovery against Insurance Carrier regarding any and all policies not specifically identified by policy number herein.

IT IS UNDERSTOOD AND AGREED that this Limited Liability Release is entered into pursuant to the provisions set forth in O.C.G.A. § 33-24-41.1, and it is intended that the force and effect of this Limited Liability Release shall be as intended by the aforesaid Code section. This release shall operate as a full and final release of the Insurance Carrier with regard to Policy No. GABD5900034 from all claims for wrongful death arising out of the above-described accident, casualty, or event and a release of the Limited Liability Releasees regarding wrongful death except that this Limited Liability Release shall not bar any claims the Undersigned has against the Limited Liability Releasees to the extent other insurance coverage is available which covers the claim or claims of the Undersigned against the Limited Liability Releasees. This Limited Liability Release shall not operate as a release of any other persons or entities not

Re: CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS
Limited Liability Release Bodily Injury Only
Page 2

DGIC 001333

specifically named herein and shall not operate as a release of the Undersigned's claim(s) against any other tortfeasor or insurance carrier not named in this Limited Liability Release, nor does this operate as a release of any claims for property damage that the Undersigned may have against the Insurance Carrier or the Limited Liability Releasees.

It is expressly understood and agreed that this Limited Liability Release is a settlement of claims for which the parties released hereby deny all liability and that, by this release, the parties released hereby intend merely to avoid litigation. This Limited Liability Release in no way prejudices the rights of the released parties to deny liability in any action based upon the said accident, casualty, or event.

All agreements and understandings between the parties hereto are embodied and expressed herein, and the terms of the Limited Liability Release are contractual and not mere recitals.

The undersigned is 18 years of age or older, of sound mind, and laboring under no disabilities.

The Undersigned further declares and represents that no promise, inducement, or agreement not herein expressed has been made to the Undersigned and that this Limited Liability Release contains the entire agreement between the parties.

Re: CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS
Limited Liability Release Bodily Injury Only
Page 3

DGIC 001334

All the foregoing representations are made in order for the parties released hereby to rely upon them in effecting this Limited Liability Release and compromise.

The undersigned hereby acknowledges receipt of this Limited Liability Release and that it is notice in writing of lack of consent of the Limited Liability Releasees to this settlement and that the Limited Liability Releasees are not precluded from further assertion of claims against the Undersigned by virtue of this Limited Liability Release.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Witness the hand and seal, this ____ day of _____, 2018.

_____
CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS

Sworn to and subscribed before me,
this _____ day of _____, 2018.

_____
Notary Public

Re: CHRISTOPER EVANS AS SURVIVING PARENT AND HEIR OF ANDREW EVANS
Limited Liability Release Bodily Injury Only
Page 4

DGIC 001335