# In The Matter Of:

*Direct General Insurance Company v.*
*Christopher Evans, et al.*

*Bernd G. Heinze*
*July 29, 2024*

*Professional Court Reporters LLC*
*3659 Chattahoochee Summit Drive*
*Atlanta, Georgia  30339*
*770.952.0604*
*www.ProfessionalCourtReporters.com*



**EXHIBIT**
**D**

**Min-U-Script® with Word Index**

| | | |
|---|---|---|
| 1 | Q. | You bet. |
| 2 | A. | Thank you.  That's good. |
| 3 | | I think what is contained within this page of |

the correspondence is consistent with the other parts of the correspondence of what formed the overall demand that was being made to Direct General and requested additional information from Mr. Hartsfield with regard to any additional insurance coverages that may have provided benefits to Mrs. Hartsfield or her estate, and with regard to any coverage that might also be available to Mr. Hartsfield.

    Q.    Anything on this page that informs your opinion that the demand was not a reasonable opportunity to settle?

    MR. JURMAN:  Objection.

    A.    As I've said, Rich, other than what it is complementing what the prior parts of the correspondence already requested and demanded, it's part of an overall letter that was being provided to Direct General as part of the demand that was being made --

BY MR. DOLDER:

    Q.    Okay.  Anything unreasonable --

    A.    -- on behalf of Mr. Evans?

    Q.    Excuse me.  Anything unreasonable about requesting an affidavit for Mr. Hartsfield?

1        A.    No.
2        Q.    Anything unreasonable about requesting
3    affidavits for persons who might live in the household?
4        A.    No.
5        Q.    Anything unreasonable about asking for an
6    affidavit from Direct General?
7        A.    You're talking about subparagraph D and then
8    three i's?
9        Q.    Correct.
10       A.    No.  But, again, I take these -- this
11   information in context with the overall demand that was
12   being made with regard to the presentation of a claim on
13   behalf of Mr. Evans and taking all of the information in
14   context based upon the limited liability limits that the
15   Direct General policy could afford.
16       Q.    Anything on page 7 that informs your opinion
17   that this was not a reasonable opportunity to settle?
18       A.    Other than being in context for and
19   concluding the correspondence based upon the other
20   information that we've already discussed, no.
21       Q.    So nothing new; fair?
22       A.    I would agree with you on that, yes.
23       Q.    Did you read Gina Matoy's deposition?
24       A.    Yes.
25       Q.    Okay.  And you saw her testimony that she was