| | |
|---|---|
| **From:** | Michael D. St. Amand |
| **To:** | Quackenbush, Andrew; Megan E. Quisao |
| **Cc:** | Salas, Stevie; Matoy, Jeanna |
| **Subject:** | RE: 3433126 |
| **Date:** | Wednesday, September 5, 2018 2:35:25 PM |
| **Attachments:** | image001.png |
| | image002.jpg |
| | image003.jpg |
| | GSC 9-5-2018.pdf |

Andy,

Good question and no good answer.

Basically, there is no absolute way to create a "safe harbor" from potential excess exposure.

Georgia law simply requires that the carrier act in a manner that holds the interests of its insured at least equal to its own.

Case law allows the carrier to settle certain claims to the detriment of others so long as the carrier is acting in good faith. So – a carrier ought not to settle a stubbed toe claim for limits to the detriment of 2 death claims. That would unnecessarily expose the insured to excess. But, there are cases that say the carrier can settle claims as they are presented, so you do not need to wait 2 years for someone to present a claim.

In a situation like what we have here, the carrier should act reasonably to attempt to treat all claimants fairly and to minimize the insured's potential "personal" exposure.

Scheduling a global settlement conference has become the "go to" choice to resolve multiple high exposure losses where there are not enough limits.

By scheduling the conference and tendering limits, we are doing everything we can reasonably do to accomplish our goals.

Plus – we are asking for all claimants to present their injury claims, document injuries and special damages, identify other available insurance (UM), and identify liens that need to be addressed.

Many times, the first claimants to have demanded limits squawk but eventually capitulate. Also, we run into child support liens and other twists that do not always allow us to resolve on the first go round.

In this instance, with 3 fatalities and others with unknown injuries and damages, my belief is this is the best option. If we later find out the other claims are de minimis, we can reassess and allocate the limits to the fatalities. I have made a change to the proposed letter to all known claimants to include a provision to ensure the death claims are being fully resolved. I noticed that the attorneys representing survivors have not indicated that the estate claims for pain and suffering, medical and funeral expenses are being addressed. We do want to make sure ALL claims are resolved to the extent possible. We may not be able to force anyone to set up an estate, but we should ask on the

EXHIBIT J

front end.

Please take a look at my revised letter (attached) and let me know if I have your approval to send it out.

I know Jeanna called the attorneys yesterday to let them know this was coming.

Please call my cell at 404-295-5588 if you need to discuss further.

Thanks!

Mike

---

**Michael D. St. Amand**
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7383 Direct Line
(404) 870-7374 Facsimile
Email:  mds@grsmb.com

*This e-mail, including attachments, contains information that is confidential and may be protected by attorney/client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail or at (404) 870-7384. The unauthorized use, dissemination, or reproduction of this e-mail is prohibited and may be unlawful.*

**From:** Quackenbush, Andrew <Andrew.Quackenbush@ngic.com>
**Sent:** Wednesday, September 05, 2018 2:59 PM
**To:** Michael D. St. Amand <msaintamand@grsmb.com>; Megan E. Quisao <mquisao@grsmb.com>
**Cc:** Salas, Stevie <Stevie.Salas@NGIC.COM>; Matoy, Jeanna <Jeanna.Matoy@NGIC.COM>
**Subject:** 3433126

Hi Mike –

Hope all is well.

Just a quick question on this multiple fatality loss you are handling for a Global settlement conference.  I believe it is to be held for 10/8/2018.

We received the first 2 demands via fax on 8/9/2018 requiring response within 30 days.

By setting up the GSC have we protect ourselves from any Holt type exposure?  Is there anything else we need to be doing?

I just want to make sure we are okay as we are coming up on 30 days from our initial receipt of the demand via fax.

Thanks,

Andy

Andrew G. Quackenbush
Regional Claims Manager
PO Box 1623
Winston Salem, NC 27102-1623
(469) 713-7044



---

Note: Please be aware that unencrypted electronic mail is not secure. For this reason, please do not send any sensitive personal information such
as your address, driver license, policy number, Social Security Number, or claims information by unencrypted electronic mail. The information
contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient,
or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution
or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying
to the message and deleting it from your computer. Thank you.
This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail or at 404-870-7384. The unauthorized use, dissemination, or reproduction of this e-mail is prohibited and may be unlawful.