IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DIRECT GENERAL INSURANCE CO., <br><br> Plaintiff <br><br> vs. <br><br> CHRISTOPHER EVANS and POLINA DENISSOVA, individually and as co-administrators of the ESTATE OF ANDREW EVANS, ROGER HARTSFIELD and D. MAX HIRSH, as administrator of the ESTATE OF SHANNON HARTSFIELD, <br><br> Defendants. | CASE NO. 1:23-CV-03491-ELR |

REPORT OF PLAINTIFF, DIRECT GENERAL INSURANCE COMPANY'S
EXPERT WITNESS, BERND G. HEINZE

**EXHIBIT L**

respecting the various wrongful death and bodily injury claims. Based upon this advice, Direct General proceeded in a reasonable and timely manner in order to address and settle all of the claims and by tendering its full limits of $50,000. The availability of Direct General's Policy limits were also made available to the bodily injury claimants in the car being driven by Shannon Justus; however, and as noted in the record, efforts to involve Counsel for these 3 prospective claimants were unavailing. In the process, the record documents that Counsel for Direct General was attempting to ascertain how best to protect the interests and assets of both Mr. Hartsfield and the Estate of his wife Ms. Hartsfield to the extent it was able to do so while, at the same time, providing recovery for as many claimants as possible within those limits of liability.

The correspondence exchanged between Counsel for the parties further recognizes the customs and practices of insurance companies in Georgia who are permitted to settle matters of this kind with fewer than all of the claimants even if the policy limits are exhausted through that process. *Allstate v. Evans*, 200 Ga. App. 713 (1991). However, and as set forth within the October 26, 2018 correspondence of Ms. Parsons on behalf of Direct General to Mr. Chumley and Mr. Hagen, while the common law permits such a process to be undertaken, it does not mandate that an insurance company do so. As she stated:

> Thus, in cases such as this where there are multiple competing claims with similar degrees of severity, it may not be in the best interest of the insured to exhaust the policy limits and payment of fewer than all claims and leave the insured personally exposed to the remaining claims. And it would certainly not be in the insured's best interest to do so when the insurer has not been given an adequate opportunity to investigate the validity, value and potential for resolution of the other claims.
>
> In this case specifically, it is difficult to understand how exhausting the policy limits in settlement of only one or 2 claims and leaving the Insured and Driver (Ms. Hartsfield) personally exposed to the remaining claims would have been in their best interest.

DGIC 1423.

The record further documents that in particular response to the allegations comprising the Counterclaim of Mr. Hirsh, the underlying chronology of events do not substantiate the baseless assertions that Direct General's failure to accept the settlement demands as made would place the actions of the insurance company and its claim professionals outside of the customs, standards and practices of the insurance industry, or that they were not consistent with the actions of an ordinarily prudent insurer in addressing the same facts and circumstances. For example, the time limit settlement demand of Christopher Evans offered only to release Ms. Hartsfield but did not offer to release Mr. Hartsfield who was also an Insured under the Policy.

The Limited Liability Release attached to the demand was, as noted by Mr. Chumley, only a "draft" that he had used in the past, and also set a minimum floor of $100,000 for settlement.