UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIRECT GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER EVANS and POLINA DENISSOVA, individually and as co-administrators of the ESTATE OF ANDREW EVANS, ROGER HARTSFIELD and D. MAX HIRSH, as administrator of the ESTATE OF SHANNON HARTSFIELD,<br><br>Defendants. | CASE NO. 1:23-cv-03491-ELR |

**PLAINTIFF, DIRECT GENERAL INSURANCE COMPANY'S SECOND AMENDED ANSWERS AND OBJECTIONS TO DEFENDANT, D. MAX HIRSH'S FIRST INTERROGATORIES**

Plaintiff, Direct General Insurance Company ("DGIC") hereby serves its Second Amended Answers and Objections to Defendant, D. Max Hirsh, as Administrator of the Estate of Shannon Hartsfield's ("Hirsh") First Interrogatories, and states as follows:

**EXHIBIT O**

51056\320084147.v2

**RESPONSE:**

DGIC objects to this Interrogatory as framed as it requires DGIC to state an opinion or mental impression as to whether or not the terms of the letter attached to Hirsh's counterclaim were "reasonable" or "unreasonable", which violates the work product doctrine.

DGIC asserts that the Andrew Evans and Nancy Evans demands were invalid offers to settle within policy limits. Under the circumstances and based on the information known at the time, the demands were unreasonable for multiple reasons. The demands did not offer to settle estate claims so as to trigger a duty to settle under Georgia law. The Andrew Evans demand, attached to Mr. Hirsh's counterclaim, was not a valid offer to settle within policy limits because it did not offer to settle claims of Polina Denissova, Mother of Andrew Evans, for wrongful death so as to trigger a duty to settle under Georgia law. The demand's payment instructions directed DGIC to make the settlement check payable only to Christopher Evans and his attorneys, but made no mention of including Ms. Dennisova or of how they intended to otherwise share the proceeds of the policy with her. At the time those demands were received, Ms. Dennisova was already represented by attorney Matt Hagan. However, the demands did not reference or copy Mr. Hagan or his involvement in any way. Though this Interrogatory is solely directed to the Andrew Evans demand, the Andrew Evans demand needed to be examined in tandem with Nancy Evans' mirror demand and Ms. Denissova's affidavit wherein she stated she was bringing claims.

Additionally, the demand was unreasonable as it ran afoul of GA Code § 9-11-67 and did not offer to settle claims within the policy limits per its explicit terms so as to trigger a duty to settle under Georgia law. The demand presumed $100,000.00 coverage for the policy's bodily injury limits which was in excess of the policy's bodily injury limits. The demand also required acceptance within 30 days and payment within 10 days of acceptance. In addition, the demand was not reasonable because it did not clearly release the named insured under the relevant policies per its explicit terms so as to trigger a duty to settle under Georgia law.

Furthermore, acceptance of demands relating to Andrew Evans (and the Nancy Evans demand) would have exhausted the limits available under the Policy and left nothing for other competing claims that had been or could be asserted by Willis or any occupant of the Justus vehicle. The demands did not offer to resolve any estate claims, advising that no estate had been set up and that no Estate would be set up as of the date of that letter. Additionally, acceptance of the putative demand was contingent on factors outside of DGIC's control. DGIC acted reasonable and in

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 13, 2024.

*William Stroka*
Signature

**WILLIAM STROKA**
Printed Name

CLAIMS CASUALTY OPERATIONS DIRECTOR
Title

51056\320084147.v2